```
                                                    ┌─────────────────────────────┐
                                                    │ USDC SDNY                   │
                                                    │ DOCUMENT                    │
UNITED STATES DISTRICT COURT                        │ ELECTRONICALLY FILED        │
SOUTHERN DISTRICT OF NEW YORK                       │ DOC #: _____    │
UNITED STATES OF AMERICA,                           │ DATE FILED:  _5/18/2020_    │
                                                    └─────────────────────────────┘
            -against-

JASON HOLLAND,                                              18 Cr. 738 (AT)

                        Defendant.                              ORDER
```

ANALISA TORRES, District Judge:

On October 10, 2018, Defendant, Jason Holland, pleaded guilty to a single-count information charging Defendant with being a felon in possession of a firearm. Gov't Letter at 1, ECF No. 31. On March 5, 2019, the Court sentenced Defendant to 27 months' imprisonment and three years' supervised release. *Id.* On April 5, 2020, Defendant applied to the warden of Fort Dix FCI, where he is now serving his sentence, for compassionate release. Def. Letter at 3, ECF No. 28. On May 8, 2020, Defendant was advised that his application was denied. *Id.* Having exhausted his administrative remedies, Defendant now moves for compassionate release under 18 U.S.C. § 3582(c) in light of COVID-19, because he has high blood pressure and high cholesterol. Def. Letter at 2. For the reasons stated below, Defendant's motion is DENIED.

**DISCUSSION**

Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

The Sentencing Commission's policy statement and its corresponding commentary on § 3582(a)(1)(A) indicate that a court may reduce a sentence for "extraordinary and compelling reasons," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," provided, however, that the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1.[1]

Defendant has served approximately half of his 27 month sentence. *See* Gov't Letter at 1. He requests that the Court resentence him to time served, and impose a term of three years'

---

[1] The § 3142(g) factors are: (1) "the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves . . . a . . . firearm"; (2) "the weight of the evidence against the person"; (3) the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

supervised release with a special condition of home confinement of 11 months, the equivalent of the remaining time on Defendant's original sentence of imprisonment. Def. Letter at 2. The Government argues that Defendant's motion should be denied because Defendant does not provide extraordinary and compelling reasons justifying release. Gov't Letter at 7–9. The Court agrees.

Defendant is 33 years old and has not been formally diagnosed with hypertension. *See* Gov't Letter at 2–3. According to Defendant's medical records, though Defendant's blood pressure has been elevated in the past, he has successfully managed the condition without resort to medication, and his blood pressure reading on May 13, 2020 was categorized as "normotensive," denoting normal blood pressure. *See id.* at 3. Additionally, high cholesterol has not been included among the health conditions that the Centers for Disease Control and Prevention recognizes as placing individuals at higher risk for contracting, or experiencing increased complications from, COVID-19. *See People Who Are at Higher Risk for Severe Illness*, Centers for Disease Control and Prevention (May 14, 2020), https://www.cdc.gov/coronavirus/2019-ncov/specific-groups/high-risk-complications.html.

Last, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) in assessing Defendant's application for release. In doing so, the Court takes into account Defendant's proffered explanation for the possession of the loaded firearm. Defendant's claim that he had taken the gun from another person, and was walking to a police station to turn it in when he was arrested for the instant offense, was—and remains—not credible to the Court. *See* Sentencing Tr. at 16:2–12, ECF No. 25. This was a serious offense. The gun was loaded with 17 live rounds, and the instant offense marked the third time Defendant was caught with a loaded gun within the same half-block vicinity in the Bronx. *See id.* at 15:21–23; Gov't Letter at 8. The § 3553(a) factors considered in imposing sentence continue, therefore, to justify Defendant's sentence today.

## CONCLUSION

Accordingly, for the reasons stated above, Defendant's application for release under 18 U.S.C. § 3582(c) is DENIED.

The Clerk of Court is directed to terminate the motions at ECF Nos. 28 and 30.

SO ORDERED.

Dated: May 18, 2020
New York, New York

_____
ANALISA TORRES
United States District Judge